OPINION OF THE COURT
David B. Saxe, J.
Is the three-musician limitation contained in the incidental music exception to the New York City Cabaret Law (Administrative Code of City of New York § 20-359 [3]) sustainable as a matter of constitutional law? The plaintiffs cross-move for a *395 declaratory judgment to the effect that the limitation is unconstitutional; the defendants move for summary judgment dismissing the complaint against them.
A cabaret is defined as an eating or drinking place where music or dancing or entertainment are provided. (Administrative Code § 32-B296.0 [3] [renum § 20-359 (3)].) Under this law, cabarets, public dance halls, and eating establishments must be licensed. (Administrative Code § B32-297.0 [renum § 20-360].) However, there is an exception to the licensing requirement termed the "incidental music exception”, which applies only to "eating or drinking places, which provide incidental musical entertainment, without dancing, either by mechanical devices, or by not more than three persons playing piano, organ, accordion or guitar or any stringed instrument.” (Administrative Code § 20-359 [3]; emphasis added.)
On July 9, 1986, the city amended the incidental music exception of the Cabaret Law (Local Laws, 1986, No. 34 of City of New York § 1) to eliminate the distinction as to the type of musical instruments permitted but retained the limitations pertaining to the number of musicians and instruments allowed.
When this action was started, the plaintiffs, three musicians and a musician’s union, moved for a preliminary injunction enjoining enforcement of the sections regulating the type of musical instruments permitted to be played as well as the limitation regarding the number of musicians. In Chiasson v New York City Dept. of Consumer Affairs (132 Misc 2d 640 [1986]) (Chiasson I) I granted a preliminary injunction, in part, finding that the portion of the incidental music exception which distinguished between types of musical instruments was an impermissible constitutional infringement. I denied the motion seeking a preliminary injunction limiting the number of instruments permitted to be utilized and found that there may well have been a legitimate governmental objective to that portion of the ordinance. I denied the injunction because the plaintiffs failed to meet their burden of proof as to the numerical limitation; I did not reach a final determination that the numerical limitation contained in the law was constitutionally valid.
It is a familiar principle that the grant or refusal of a temporary injunction does not constitute the law of the case or an adjudication on the merits — the issues in this case must be tried to the same extent as though no temporary injunction *396 had been requested. (Walker Mem. Baptist Church v Saunders, 285 NY 462.)
In addition, in dicta, I stated that there was no constitutional defect in those portions of the city ordinances and zoning resolutions which limit to three the number of musicians who can play in these unlicensed clubs. Defendant’s major argument on this motion for summary judgment is based on that finding.
It is a general principle of law that statements made by a court in an opinion which are unnecessary to the holding are dicta; such statements do not have the force of judicial authority and usually are not followed as authority even though they deal precisely with the point before the court. (1 Carmody-Wait 2d, NY Prac § 2:54.) Therefore, I am not bound by the dicta in Chiasson I (supra). I will therefore consider the evidence presented on the competing applications here.
In seeking summary judgment, the plaintiffs argue that limiting ensembles to three musicians in unlicensed establishments restricts the musical ideas which plaintiffs can express and results in a violation of their First Amendment rights. They observe that the content of music cannot be separated from the number of musicians and instruments needed to create a work of art and submit an impressive array of affidavits from various experts to support this argument. It is contended that the three-musician limitation imposed by the City of New York has nearly eliminated certain types of music, such as Dixieland or Bluegrass music. Moreover, it also appears that the three-musician restriction has also had a negative impact on jazz music. Thus, it is the plaintiffs’ main contention that the numerical limitation imposed by the ordinance restricts the cultural expression of musical composers and is therefore "content” based. In this regard, they argue that most music cannot be rearranged to be played by only three musicians without losing the essence of the composer’s idea. I find that such a three-musician limitation restricts plaintiffs’ freedom of expression and is therefore unconstitutional.
It is established that motion pictures, programs broadcast by radio and television and live entertainment such as musical and dramatic works fall within rights guaranteed by the First Amendment (Schad v Mount Ephraim, 452 US 61, 65-66 [1981]). A regulation which implicates the First Amendment and is based on the content of protected expression is invalid *397 if the government cannot prove that the regulation is narrowly tailored to serve a compelling governmental interest (Schad v Mount Ephraim, supra). However, such a regulation may be justified as a valid time, place and manner restriction of First Amendment rights if the government can show that the restriction is "content” neutral, serves a legitimate governmental objective, leaves open alternative channels of communication and is narrowly tailored to serve that governmental interest. (City of Watseka v Illinois Pub. Action Council, 796 F2d 1547 [7th Cir 1986], affd — US —, 107 S Ct 919 [1987].)
In support of this motion for summary judgment, the city merely reasserts its unsupported conclusion that if more than three instruments are permitted, "it may be that congestion from pedestrian and automotive traffic could result in a diminution of the quality of life in that area.” Defendant offers no evidence to justify its assertion that the addition of more musicians may increase traffic and congestion. If anything, trafile and congestion would be related to the seating capacity of the establishment, not the number of musicians playing there. The city has the burden of showing that a regulatory scheme that is "content” based is narrowly drawn to advance a compelling State interest. Traffic and congestion concerns, as the city has explained them, do not rise to the level of a compelling State interest sufficient to justify a "content”-based restriction. Moreover, even "content” neutral time, place and manner regulations are constitutional only if they are designed to serve a substantial government interest and if they leave open ample alternative channels of communication and are narrowly tailored. (City of Renton v Playtime Theatres, 475 US 41.)
The city provides no studies or other evidence to demonstrate that the number of musicians bear any relationship to automotive or pedestrian traffic. In fact, it is the city’s position that it need not come forward with a substantial factual basis to support a justification for the three-musician limitation. I find that the City of New York has failed to meet its burden in demonstrating any legal basis to justify a three-musician limitation. In searching the record pursuant to CPLR 3212 (b) I find that the defendant City of New York has failed as a matter of law to demonstrate a basis for the numerical limitation contained in the incidental music exception to the Cabaret Law.
*398 Accordingly, summary judgment is granted in favor of the plaintiffs declaring that the portion of the incidental music exception of the Cabaret Law limiting the number of musicians who can play at unlicensed establishments to three is unconstitutional.